# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

RICHARD LOUIS DAVIS,

      Appellant,

      v.

OFFICE OF PERSONNEL
  MANAGEMENT,

      Agency.

DOCKET NUMBER
AT-0843-16-0360-B-1

DATE: March 28, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Richard Louis Davis</u>, Huntsville, Alabama, pro se.

<u>Cynthia Reinhold</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

**FINAL ORDER**

¶1        The appellant has filed a petition for review of the remand initial decision, which affirmed the reconsideration decision of the Office of Personnel Management (OPM) denying his request for payment of a lump sum death benefit under the Federal Employees' Retirement System (FERS).  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

**BACKGROUND**

¶2        The appellant's brother (the decedent), a former Federal employee covered under FERS, passed away on January 28, 2013.  *Davis v. Office of Personnel Management*, MSPB Docket No. AT-0843-16-0360-I-1, Initial Appeal File (IAF), Tab 6 at 11, 33-36.  On or about September 28, 2014, the appellant filed an application with OPM seeking payment of the decedent's lump sum death benefit under FERS.  *Id.* at 7-10.  In the application, the appellant indicated that he and his other living siblings were the decedent's only heirs.  *Id.* at 9.  According to a March 24, 2015 report of telephone contact written by an OPM representative,

however, "[the appellant] stated that [the decedent] had a biological son but [the family does] not know where he is. They have tried to reach him, but they have been unsuccessful." *Id.* at 25. In April 2015, OPM sought additional information from the appellant related to his application and, in a response dated May 11, 2015, the appellant indicated that "[the decedent] had no biological children." *Id.* at 21. On June 11, 2015, OPM issued an initial decision finding the appellant ineligible to receive the decedent's lump sum death benefit because the decedent may have had a biological son who would be entitled to the benefit pursuant to the statutory order of precedence. *Id.* at 20. Thereafter, the appellant submitted affidavits on behalf of himself and his siblings dated October 1 and November 25, 2015, attesting, among other things, that the decedent "died without any progeny" and that he "never presented any child or children to our late mother during her lifetime nor did he acknowledge or present any child or children to any of us during [his] lifetime."[3] *Id.* at 13, 15, 19. In a January 27, 2016 reconsideration decision, OPM again found that the appellant was not eligible for a share of the decedent's lump sum death benefit pursuant to the order of precedence. *Id.* at 5-6.

¶3      The appellant appealed OPM's reconsideration decision to the Board and requested a hearing. IAF, Tab 1. The administrative judge informed the appellant of his burden to establish his entitlement to the decedent's lump sum death benefit by showing that he and his siblings were eligible to receive the benefit in accordance with the statutory order of precedence. IAF, Tab 10 at 1-4. Specifically, the administrative judge informed the appellant that he must prove that the decedent did not have a biological son. *Id.* at 4. The appellant responded that he was not aware that the decedent ever fathered any children and submitted

---

[3] The affidavits provide that the appellant and his three siblings "individually states upon each of our oaths that the following information is true to each of our personal knowledge." IAF, Tab 6 at 13, 15, 19. However, the affidavits are only signed by the appellant and the notary public. *Id.*

additional affidavits from three of his siblings attesting that they were not aware that the decedent had any biological children. IAF, Tab 9 at 4, Tab 14 at 2-4. He also argued that the Metropolitan Life Insurance Company (MetLife), which carried the decedent's Federal Employees' Group Life Insurance (FEGLI) policy, paid the decedent's siblings on December 1, 2015, after performing its "due diligence" to locate an heir. IAF, Tab 9 at 4. At the telephonic hearing, the appellant testified that the decedent never conveyed to him, his siblings, or their mother that he had any biological children. IAF, Tab 16, Hearing Compact Disc. When the agency representative asked him why he initially told an OPM employee that the decedent had a biological son, the appellant responded that he had only heard a rumor that the decedent may have had a biological son and that he was "trying to do the right thing" by telling OPM about the potential son. *Id.* The appellant explained that the family tried to find the decedent's possible son but that they did not find anyone. *Id.* Thus, he testified that he believed that the decedent did not have any biological children. *Id.*

¶4    After the hearing, the administrative judge issued an initial decision finding that the appellant was not entitled to the lump sum death benefit because the decedent may have a biological son. IAF, Tab 18, Initial Decision (ID). In so finding, the administrative judge found that the March 24, 2015 report of contact, which, as noted above, indicates that the appellant informed the OPM representative that the decedent had a biological son, was "directly at odds with" and less credible than his later statements and testimony. ID at 6; IAF, Tab 6 at 25. Therefore, the administrative judge concluded that the appellant and his siblings were not entitled to the decedent's lump sum death benefit and affirmed OPM's reconsideration decision. *Id.*

¶5    The appellant timely filed a petition for review of the initial decision. *Davis v. Office of Personnel Management*, MSPB Docket No. AT-0843-16-0360-I-1, Petition for Review (PFR) File, Tab 1. On review, the Board found that the administrative judge failed to properly weigh the evidence and, therefore, vacated

the initial decision and remanded the appeal to further develop the record and issue a new initial decision. PFR File, Tab 4, Remand Order (RO), ¶¶ 7-15. The Board specifically directed the administrative judge to further develop the record regarding the appellant's belief that the decedent had a biological son and to order the parties to submit evidence concerning life insurance benefits paid by the decedent's FEGLI policy and MetLife's efforts to determine the proper beneficiary or beneficiaries. *Id.*

¶6    On remand, the administrative judge ordered the appellant to submit the claim form he submitted to MetLife and any letters or correspondence pertaining to paying the decedent's life insurance benefit, and ordered OPM to submit any relevant information in its possession regarding payment of the decedent's life insurance benefits and efforts made to determine a beneficiary. *Davis v. Office of Personnel Management*, MSPB Docket No. AT-0843-16-0360-B-1, Remand File (RF), Tab 5. In response, the appellant submitted the following documents pertaining to the decedent's FEGLI policy: a Form FE-6 Claim for Death Benefits under FEGLI completed by the appellant in October 2014; a November 14, 2014 decision awarding the decedent's FEGLI benefit to his estate because "the insured does not have a surviving spouse, was not survived by children or descendants of any deceased children, and was not survived by parents"; and evidence showing that the decedent's FEGLI benefit was paid to the appellant. RF, Tab 6 at 4-12. He also submitted evidence showing that the Thrift Savings Plan (TSP) Death Benefits Processing Unit disbursed the decedent's TSP death benefit to the appellant. *Id.* at 13-14. OPM submitted additional evidence, including, among other things, an October 28, 2014 statement from the appellant on a Form TSP-17, signed under the penalty of perjury, asserting the following:

> [The decedent's] son was [born] in Barstow, California around February 1976 before he left the Marines later that fall. There was no matrimony. As far as we know, he never [saw] the boy again since birth. He only talked to his son in 2006 and failed to try to establish a relationship. My siblings and their children (as well as my coworker) have been searching since [February] 2013 [on] Facebook, Spokeo, et al, under the following names with no success: Antwan, Antoine []. His mother [is] Angela [].

RF, Tab 7 at 23. At a supplemental hearing, the appellant testified that his late mother told him that the decedent may have had a son named Antoine with a woman named Angela in California while serving in the Marine Corps but that the decedent never admitted to him that he had any biological child. RF, Tab 8, Supplemental Hearing Recording (SHR) (testimony of the appellant). He further testified that the decedent did not offer any information regarding a biological son when he and his siblings were preparing their mother's obituary after she died. *Id.* He asserted that he provided the information regarding the decedent's possible son in applications for the decedent's death benefits in hopes that he could be found and given the benefits to which he was entitled. *Id.* The appellant testified, however, that he has concluded that the decedent must not have had a biological son since the family has not been able to locate him, and he has not come forward, in the 4 years since the decedent died. *Id.* OPM's representative testified that the appellant informed her by telephone that a biological son may exist but that the family had been unable to locate him. SHR (testimony of OPM representative).

¶7        In a remand initial decision, the administrative judge again affirmed OPM's reconsideration decision denying payment of the decedent's lump sum death benefit to the appellant. RF, Tab 9, Remand Initial Decision (RID). The appellant has filed a petition for review of the remand initial decision, and the agency has responded in opposition. *Davis v. Office of Personnel Management*, MSPB Docket No. AT-0843-16-0360-B-1, Remand Petition for Review (RPFR) File, Tabs 1, 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

¶8        Under FERS, a lump sum annuity benefit is paid to the individual or individuals surviving the employee and alive when title to the payment arises in the following order:  (1) to the designated beneficiary or beneficiaries; (2) to the widow or widower of the employee; (3) to the child or children of the employee and descendants of deceased children by representation; (4) to the parents of the employee or the survivor of them; (5) to the executor or administrator of the estate; and (6) to other next of kin of the employee as OPM determines to be entitled under the laws of the domicile of the employee at the date of his death. 5 U.S.C. § 8424(d).  "For purposes of this subsection, 'child' includes a natural child and an adopted child, but does not include a stepchild." *Id.*  The intestate succession laws of Arkansas, the state in which the decedent was domiciled when he died, provide that siblings of an intestate decedent may be entitled to an inheritance from the decedent's estate if there is no surviving descendant, spouse, or parent.  Ark. Code Ann. § 28-9-214 (2016); IAF, Tab 6 at 11.

¶9        Here, as indicated in the Board's remand order, the parties do not contend, nor is there any evidence to suggest, that the decedent designated a beneficiary prior to his death, that he had a surviving spouse or surviving parent when he died, or that there is any executor or administrator of his estate.  RO, ¶ 6.  Thus, pursuant to the order of precedence and the inheritance laws of Arkansas, the decedent's siblings are eligible to receive the lump sum death benefit if they can show that the decedent did not have any natural or adopted children.  *See* 5 U.S.C. § 8424(d); Ark. Code Ann. § 28-9-214 (2016).  The appellant, as the applicant for benefits, has the burden to establish, by a preponderance of the

evidence, that he is entitled to the benefits sought.[4]  *See* 5 C.F.R. § 1201.56(b)(2)(ii).

¶10    In the remand initial decision, the administrative judge considered the appellant's supplemental hearing testimony and that of OPM's representative, who spoke to the appellant on March 24, 2015, as well as the additional evidence submitted by the parties on remand, and concluded that the appellant failed to show by preponderant evidence that the decedent did not have a biological son. RID at 4-6.  In so finding, he noted that the appellant's May 11, 2015 signed statement and his November 25, 2015 affidavit, both of which attested that the decedent did not have any biological children, were directly at odds with the following:  (1) his own hearing testimony that his mother told him that the decedent has a son named Antoine who was mothered by Angela in California while the decedent served with the Marine Corps; (2) OPM's representative's testimony that the appellant unequivocally told her the decedent had a son; and (3) his October 28, 2014 sworn statement asserting that the decedent has a son and detailing his knowledge of that son.  RID at 5.  Because the appellant denied the existence of a biological son only *after* OPM's representative informed him that a biological son would bar him from receiving the decedent's lump sum death benefit, the administrative judge found that the appellant had a personal financial motive to materially change his position on the issue, which undercut the credibility of his subsequent statements.  RID at 5-6.  The administrative judge also found that the appellant's October 28, 2014 statement—in which he unequivocally stated, under penalty of perjury, that the decedent had a son and provided specific details about the son, his mother, and the decedent's attempt to establish a relationship with him in 2006—was more credible than his subsequent

---

[4] A preponderance of the evidence is the degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue.  5 C.F.R. § 1201.4(q).

statements to the contrary.  RID at 6.  Finally, the administrative judge found that the appellant's contention that the decedent never "acknowledged" a biological son to their late mother to be unworthy of credit because he unequivocally testified that the source of his knowledge about the decedent's son was his mother.  *Id*.

¶11    On review, the appellant does not challenge any of the administrative judge's credibility findings but argues that he has proven that the decedent did not have a biological son because one has not come forward in the 4 years since the decedent's death.  RPFR File, Tab 1 at 4-5.  He explains that, under Arkansas state law, an illegitimate child may inherit from his father only when, among other conditions, "an action is commenced or claim asserted against the estate of the father in a court of competent jurisdiction *within one hundred eighty (180) days of the death of the father*."  *Id.* at 4 (quoting Ark. Code Ann. § 28-9-209 (2016) (emphasis added)).

¶12    Under section 8424(d), OPM looks to the state law to determine who constitutes an employee's "next of kin" only after it determines that no one higher on the statutory order of precedence, such as the employee's natural or adopted children, exists to take the FERS lump sum death benefit.  [5 U.S.C. § 8424](d). State law is irrelevant, however, to determining whether an employee's children, if any, are entitled to receive the employee's FERS lump sum death benefit.  *Id.* Accordingly, the appellant's assertion that the decedent's possible biological son has failed to appear within 180 days of the decedent's death does not establish that the decedent does not have a biological son who is eligible to take his lump sum death benefit in precedence to the appellant and his siblings.  *Id.*  Moreover, under FERS, an applicant has up to 30 years after the death of the employee on whose service the benefit is based to file an application for payment of the lump sum death benefit.  [5 C.F.R. § 843.103](a).  The 180-day filing period imposed upon an "illegitimate child" seeking to inherit from his father's estate under

Arkansas state law does not affect the regulatory 30-year filing period for the decedent's children, if any, to apply for his FERS lump sum death benefit. *Id*.

¶13        As noted above, although the appellant disagrees with the remand initial decision, he does not challenge the administrative judge's finding that his May 11, 2015 signed statement and November 25, 2015 affidavit denying the existence of a biological son were less credible than his other statements indicating that the decedent had or may have had a biological son, including his October 28, 2014 statement on the Form TSP-17, his March 24, 2015 statement to OPM's representative, and his supplemental hearing testimony. PFR File, Tab 1; RID at 4-6. The Board must defer to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on observing the demeanor of witnesses testifying at a hearing and may overturn such determinations only when it has "sufficiently sound" reasons for doing so. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Here, the appellant has not alleged that there is any reason to overturn the administrative judge's credibility determination, and we discern no sufficiently sound reason to do so. *Id.* Rather, we have reviewed the record and agree with the administrative judge's determination that the appellant has not shown by preponderant evidence that the decedent did not have a biological son. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions on issues of credibility).

¶14        While appreciating the appellant's difficulty of attempting to prove a negative, neither the Board nor OPM has any authority to exercise discretion in applying the order of precedence established by statute. *Landsberger v. Office of Personnel Management*, 50 M.S.P.R. 13, 17 (1991), *aff'd*, 956 F.2d 1174 (Fed. Cir. 1992) (Table). Accordingly, we agree with the administrative judge's determination that OPM's reconsideration decision must be affirmed.

## NOTICE OF APPEAL RIGHTS[5]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and

to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:           /s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.